FILED
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

23 SEP 02 AM 10: 29
DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

| | |
|---|---|
| HOANG VAN TU, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> MAJOR GENERAL KOSTER, et al., <br><br> Defendants. | **MEMORANDUM OPINION AND ORDER** <br><br> Case No.: 2:00-CV-807B |

Before the Court is defendant Michael B. Terry's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Specifically, defendant asserts that plaintiffs' complaint must be dismissed in its entirety because it is barred by the relevant statutes of limitation and there is not sufficient cause to justify a tolling of the pertinent time periods. Defendant asserts a variety of other arguments to support his position that plaintiffs' complaint must be dismissed. However, finding that the statute of limitation question disposes of the instant lawsuit, the Court will not fully explore defendant's further arguments.[1]

---

[1] Plaintiffs have filed a claim under 42 U.S.C. § 1983, alleging that their constitutional rights were violated by state actors acting under "color of state law." Irrespective of the statute of limitations question, plaintiffs' § 1983 claim fails because plaintiffs have sued defendant for alleged actions taken under color of *federal* law, not state law, and "[s]ection 1983 has no application to federal officers acting pursuant to federal law." *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976). Because causes of action under § 1983 only remedy *state* law violations, plaintiffs' § 1983 claim fails as a matter of law.

Plaintiffs also assert claims based on alleged violations of the United States Constitution in accordance with *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* claims exist only where alleged violations of federal law or constitutional rights have occurred and to recover under such a cause of action, plaintiffs must



Accordingly, having considered the parties' briefs, oral arguments, and the relevant law, the Court issues the following Memorandum Opinion and Order.

## BACKGROUND

### A. Factual Background

On March 16, 1968, the United States Army invaded the South Vietnam village of My Lai and numerous soldiers allegedly raped and executed over five-hundred South Vietnamese civilians. The soldiers also set fire to the village, burning the civilians' homes to the ground. This incident is commonly known as the "My Lai Massacre." Plaintiffs are residents of the village of Son My, Quang Ngai Province, Vietnam, and are survivors of the incident.

In 1998, a Utah citizen saw a special newsreport explaining what allegedly occurred in My Lai on March 16, 1968. Believing that the survivors of the My Lai Massacre might have a cause of action under United States law, the Utah citizen hired an attorney, traveled to Vietnam to obtain consent from the villagers to prosecute the instant lawsuit, and found a Utah defendant, enabling plaintiffs to file the instant lawsuit before this Court. The Utah defendant, and movant herein, is Private Michael B. Terry.

Defendant Michael B. Terry was a fire team leader in the third platoon of Charlie Company on March 16, 1968, and as such, plaintiffs assert that defendant Terry assisted in implementing, directing and carrying out the United States Military Operation against the village

---

be entitled to the protections of the violated federal law or constitutional right. In the instant case, plaintiffs are not entitled to such protections. It is undisputed that at the time of the My Lai Massacre, plaintiffs were South Vietnamese citizens. As such, plaintiffs enjoyed no protections of the United States Constitution and therefore the Court must dismiss all of plaintiffs' *Bivens* claims.

2

of My Lai. Specifically, plaintiffs allege that defendant Terry "and those soldiers under his command were responsible for several mercy killings involving critically injured and untreatable civilians who were enduring extreme suffering from their terminal wounds." Plaintiffs assert that defendant acted under color of state law and with the authority of the United States of America.

On October 12, 2000 – more than 32 years after the alleged massacre occurred – plaintiffs filed the instant action arguing that defendant Terry, among others, "should be liable for money damages for . . . wrongful death, pain, and suffering, permanent disfigurement, battery, severe emotional distress, decreased enjoyment of life, loss of consortium, lost wages and earning capacity, past and future, and property damage." Plaintiffs further request "economic reparations," including "punitive damages to deter future atrocities," damages for "wrongful death," and attorneys fees. Plaintiffs brought their claims under 42 U.S.C. § 1983 and the Alien Tort Statute, 28 U.S.C. § 1350.

Defendant now moves the Court to dismiss plaintiffs' complaint in its entirety, arguing that plaintiffs' causes of action are time-barred by all relevant statutes of limitation.

### B. Standard of Review

In ruling on defendant's motion to dismiss, the Court assumes the truth of all well-pleaded facts in plaintiffs' complaint and views them in the light most favorable to plaintiffs. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). The Court views all reasonable inferences in favor of plaintiffs, and the pleadings are liberally construed. *See id.* In reviewing the sufficiency of a complaint, the issue is

not whether plaintiffs will prevail, but whether plaintiffs are entitled to offer evidence to support their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## DISCUSSION

### A. Statutes of Limitation

Defendant argues that plaintiffs' case must be dismissed because it violates all applicable statutes of limitation time periods. Specifically, defendant argues that plaintiffs' claims under § 1983 and the Alien Tort Statute fail because they were filed long beyond the statutory cut-off periods. The Court will consider each cause of action in turn.

*1. Plaintiffs' § 1983 Claim*

Plaintiffs first assert that they are entitled to relief under 42 U.S.C. § 1983 because defendant, as an officer of the United States Army, acted under color of state law when, during an official military operation, civilians were allegedly raped and executed in the village of My Lai. Plaintiffs claim they are entitled to monetary damages for the pain and suffering they incurred as a result of this incident.

To support a valid § 1983 claim, the Court must find that plaintiffs' complaint was filed within the relevant statute of limitation time period for § 1983 claims. Both the United States Supreme Court and the Tenth Circuit Court of Appeals have found that the limitations period for claims brought pursuant to § 1983 is determined by borrowing the forum state's statute for personal injury actions. *See Owens v. Okure*, 488 U.S. 235 (1989); *Industrial Construction Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).

4

The Tenth Circuit has also held that federal law determines when these claims accrue: "the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Industrial Construction Corp.*, at 968-69. In Utah, the limitations provision for personal injury claims is Utah Code Ann. § 78-12-25(3), which requires the action to be filed within four years of accrual.

It is undisputed that plaintiffs knew they had suffered personal injuries at the time of the My Lai Massacre on March 16, 1968. Accordingly, to have timely filed their § 1983 claim in Utah federal district court, plaintiffs must have filed their complaint by March 16, 1972 – over 30 years ago. Thus, plaintiffs are clearly time-barred in filing their § 1983 claim. Plaintiffs' § 1983 cause of action will therefore only survive if the Court finds it justified to toll the statute of limitations time period, as discussed below.

*2. Plaintiffs' Alien Tort Statute Claim*

Similarly, with respect to plaintiffs' Alien Tort Statute claim, the Court finds that plaintiffs' claim is time-barred by the relevant statute of limitation. The Alien Tort Statute provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350 (2002). However, the statutory notes provide that "[n]o action shall be maintained under this section unless it is commenced within 10 years after the cause of action arose." *Id.* Accordingly, to have timely filed their complaint under the Alien Tort Statute, plaintiffs must have filed their complaint in the district court by March 16, 1978 – over 24 years ago. Plaintiffs have clearly failed to meet that time frame. Accordingly, unless the Court finds that the statute

of limitation time period under the Alien Tort Statute is tolled for at least twenty-two years, plaintiffs' claim must fail.

## B. Tolling of the Statutes of Limitations

Having found that the statutes of limitation time periods have run under both § 1983 and the Alien Tort Statute, the Court must now determine whether circumstances exist to justify tolling the relevant time periods, thereby allowing plaintiffs' claims to survive. The Tenth Circuit has held that plaintiffs have "the burden of establishing a factual basis for tolling statutes of limitation." *Aldrich v. McCulloch Properties, Inc.*, 637 F.2d 1036, 1041 n.4 (10th Cir. 1980). In Utah, a statute of limitation can be tolled only when "exceptional circumstances make it unjust or irrational to bar the cause of action." *Myers v. McDonald*, 635 P.2d 84 (Utah 1981).

In the instant case, plaintiffs list a variety of factors to support their claim that "exceptional circumstances" exist to justify tolling the relevant time periods. Specifically, plaintiffs argue that because they were under the rule of communism, plaintiffs could not travel to the United States to file a claim. Plaintiffs also contend that because they are poor, uneducated, and have had no opportunity to travel, it was impossible for them to bring a claim before now. Conversely, defendant argues that plaintiffs have had ample opportunities to find a way to file a claim through foreign visitors and radio or television communication. Defendant argues that plaintiffs had sufficient opportunity to bring a claim under either statute before the time period had run and to do so now – some 32 years after the underlying incident occurred – is not justified under the law.

Having considered the parties' arguments, the Court agrees with defendant and finds that there are insufficient reasons to permit equitable tolling of the relevant time periods for the number of years required to allow plaintiffs' claims to survive. Even if some equitable tolling period was justified due to plaintiffs' circumstances, the Court cannot justify tolling the two statutes of limitation for a period of more than 22 years. Statutes of limitation serve an important purpose in our system of justice. Memories fade, evidence is lost, witnesses die, and the ability of the justice system to effectively search for the truth, redress grievances and compensate those harmed significantly diminishes as time passes. This is clearly the case in the instant lawsuit. Now that over three decades have passed since the My Lai Massacre occurred, plaintiffs' claims are too stale and the reasons given for the untimely filing of the lawsuit are insufficient to survive defendant's motion to dismiss.

## CONCLUSION

Having found that plaintiffs' complaint violates all applicable statutes of limitation, and that there is no justification to toll the statutes under the circumstances of this case, the Court GRANTS defendant's motion to dismiss plaintiffs' complaint in its entirety. Plaintiffs' case is DISMISSED WITH PREJUDICE.

DATED this 20th day of September, 2002.

Dee Benson
United States District Judge

tsi

United States District Court
for the
District of Utah
September 25, 2002

\* \* CERTIFICATE OF SERVICE OF CLERK \* \*

Re:   2:00-cv-00807

True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:

    S. Austin Johnson, Esq.
    TURNBERRY PLAZA
    204 E 860 S
    OREM, UT  84058-0880
    JFAX 8,801,4267733

    William Rusty Calley
    VV VICK JEWELER
    CROSS COUNTRY PLAZA
    COLUMBUS, GA  31906

    L. Andrew Briney, Esq.
    273 E 1500 S
    OREM, UT  84058
    JFAX 8,801,4344266